# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 2, 2011

Lyle W. Cayce
Clerk

No. 09-40966
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDUARDO MOLINA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:08-CR-890-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Eduardo Molina was convicted by a jury of conspiracy to transport unlawful aliens; aiding and abetting the transportation of an unlawful alien (three counts); and transportation of an unlawful alien (two counts). Molina's 78-month sentence was enhanced for obstruction of justice and for transporting a minor unaccompanied by a parent or grandparent. On appeal, Molina challenges these enhancements on the basis of the Sixth Amendment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Specifically, he contends that the district court violated the Sixth Amendment by imposing the enhancements based upon facts not found by a jury.

A district court's interpretation or application of the Guidelines is reviewed de novo, and its factual findings are reviewed for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).). In *United States v. Booker*, 543 U.S. 220, 244 (2005), the Court extended *Apprendi* v. *New Jersey*, 530 U.S. 466 (2000) to the Sentencing Guidelines, holding that, with the exception of prior convictions, facts needed for a sentence exceeding the maximum authorized by a plea of guilty or a jury verdict "must be admitted by the defendant or proved to a jury beyond a reasonable doubt." In order to remedy the Sixth Amendment problem posed by factfinding under the Guidelines, the Court in *Booker* rendered the formerly-mandatory Guidelines advisory only. *Id*. at 245. Under the post-*Booker* advisory guideline sentencing system, district courts make the factual findings relevant to sentencing, just as they did before *Booker*. *United States v. Mares,* 402 F.3d 511, 519 (5th Cir. 2005).

Molina was sentenced under the post-*Booker* advisory Guidelines system. The district court did not violate *Booker* by finding the facts relevant to the enhancements. *See Mares,* 402 F.3d at 519; *see also United States v. Stevens*, 487 F.3d 232, 245-46 (5th Cir. 2007); *United States v. Rhine*, 583 F.3d 878, 886 (5th Cir. 2009). Accordingly, Molina's Sixth Amendment arguments are unavailing and the district court's judgment is AFFIRMED. Molina's pro se motion for appointment of counsel is DENIED.